```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION


RUTH DYER,

                    Plaintiff,

vs.                                   Case No. 2:05-cv-237-FtM-29DNF

SHANNON LEE; JOHN J. TRUITT; THOMAS
F. HUMANN, III; RYAN E. TUTT,

                    Defendants.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on Defendants' Motion for Summary Judgment and supporting Memorandum of Law (Doc. #43-1) filed on May 3, 2006. Plaintiff filed her "Answer" ("response") to defendants' Motion for Summary Judgment (Doc. #50-1) on June 8, 2006. Plaintiff's Response included an incorporated memorandum of law and motions for Oral Argument and Attorney's fees. The parties have also submitted documents in support of their respective positions as attachments. (Docs. #43-2, #50-2-12.)

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a

verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. Id. The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999).

If there is a conflict in the evidence, the non-moving party's evidence is to be believed and all reasonable inferences must be drawn in favor of the non-moving party. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003). This procedure is particularly useful in an excessive force case such as this, since "[t]o deny summary judgment any time a material issue of fact remains on the excessive force claim could undermine the goal of qualified immunity to avoid excessive disruption of

government and permit the resolution of many insubstantial claims on summary judgment." Saucier v. Katz, 533 U.S. 194, 202 (2001)(internal quotation omitted). By taking the facts in the light most favorable to the party asserting the injury, the court has plaintiff's best case before it and can address the question of whether the defendant committed the constitutional violation alleged without having to assess any facts in dispute. Robinson v. Arrugueta, 415 F.3d 1252 (11th Cir. 2005).

**II.**

This case arises from the events surrounding the arrest of plaintiff Ruth Dyer ("Dyer") for Driving Under the Influence ("DUI"), three counts of battery on law enforcement officers-defendants Shannon Lee ("Officer Lee"), John J. Truitt ("Officer Truitt"), Thomas F. Humann ("Officer Humann"), and Ryan E. Tutt ("Officer Tutt"), and one count of resisting arrest with violence. Plaintiff's statement of the case, contained in the Pretrial Statement[1] (Doc. #65) is a reasonably accurate summary of the incidents when viewed in the light most favorable to plaintiff.

On March 13, 2003, Dyer was very intoxicated and was sitting in the driver's seat of her boyfriend's car outside of a restaurant

---

[1] United States District Court, Middle District of Florida, Local Rule 3.06(e) states in pertinent part: "All pleadings filed by any party prior to filing of the pretrial statement shall be deemed to be merged therein . . . The pretrial statement and the pretrial order . . . will control the course of the trial and may not be amended except by order of the Court in the furtherance of justice."

located in Naples Florida.  The restaurant manager had called Dyer a cab and called the Collier County Sheriff Office to ensure she did not drive.  The first officers on the scene found Dyer in the driver's seat of the vehicle, talking on a cell phone, with the vehicle keys on the passenger seat.  An officer asked Dyer for her driver's license, and she responded that she did not have it with her.  Dyer told the officers she was not driving, she was intoxicated, and she was awaiting her boyfriend to take her home.

Officer Humann arrived and assumed control of the investigation, and requested that Dyer submit to a road sobriety test.  Dyer again stated that she was not driving and was waiting for a ride home, and refused the sobriety test.  Officer Humann told Dyer she was under arrest for DUI and placed her in handcuffs.  As Officer Humann began reading Dyer the implied consent rights, she again protested and kicked Officer Humann in the shin.  Officer Humann then informed Dyer she was also under arrest for battery on a law enforcement officer.  Dyer was held by Officers Truitt and Tutt while Officer Humann finished reading the implied consent rights.[2]  The three officers then placed Dyer in Officer Humann's patrol car with her hands cuffed behind her back.

Dyer's boyfriend, now her husband, Dwayne Allen Dyer ("Mr. Dyer") arrived on the scene and spoke with the officers.  During this time Officer Truitt noticed that Dyer had brought her cuffed

---

[2]Plaintiff also states that Humann placed his hand over her mouth while reading the implied consent.  (Doc. #65, p. 3.)

hands from behind her back to her front.  Officers Humann, Truitt and Tutt removed Dyer from the vehicle, uncuffed her, recuffed her hands behind her back, and placed her back in the police car. According to Dyer, during this re-cuffing the officers repeatedly shoved her head into the side and hood of the vehicle, kneed her in the back and legs, and sprayed her at least twice with "pepper spray."[3]  Dyer was then transported to jail and charged with three counts of battery on a law enforcement officer, resisting arrest with violence, and DUI.

On April 17, 2003, Dyer was charged in an Amended Information with four felony charges for the events of March 13, 2003: Three counts of Battery on a Law Enforcement Officer, one each for her battery upon Officers Humann, Truitt, and Tutt; and one count of Resisting an Officer with Violence in violation of Fla. Stat. § 843.01 for her resisting all three officers while they were conducting an arrest.  (Doc. #43, Exh. A.)  On August 12, 2003, Dyer plead nolo contendere to Resisting with Violence, adjudication of guilt was withheld, and she was placed on five year probation

---

[3]Defendants' statement of the case describes the events that took place after Dyer was placed in the patrol car as follows: "she was . . . observed by Defendant Truitt banging on the window. While detained in the backseat, she was able to bring her hands from behind her back, to her front.  When Defendants Truitt and Humann were attempting to re-handcuff her she was able to grab one of the handcuffs to prevent it from closing.  In attempting to restrain Plaintiff various defensive techniques were used as taught at both the academy and in-service training.  She was additionally sprayed with a chemical spray twice.  Eventually she was re-handcuffed in a manner that prevented her from bringing her wrists in front of her."  (Doc. #65, p. 6.)

with certain special conditions. (Doc. #43, Exh. B.) On July 27, 2004, an arrest warrant for probation violation was issued for Dyer. (Doc. #43, Exh. C.) On September 28, 2004, Dyer plead guilty to the Resisting with Violence charge, she was adjudged guilty, and was placed on one year community control followed by one year of probation. (Doc. #43, Exh. D.)

The Amended Complaint (Doc. #30), brought pursuant to 42 U.S.C. § 1983, alleges violation of the Fourth, Fifth and Fourteenth Amendments of the United States Constitution for the use of excessive force during the arrest process. More specifically, plaintiff states the basis for her claims "is the excessive force that was used against [her] by the Collier County Sheriff deputies *after* [she] was initially arrested for DUI." (Doc. #65, p. 4 (emphasis added).)

Defendants argue that summary judgment is due to be granted for two reasons: (1) Plaintiff's § 1983 claim for excessive force is barred under Heck v. Humphrey, 512 U.S. 477 (1994) principles; and (2) defendants are entitled to qualified immunity. For the reasons discussed below, the Court finds plaintiff's Fourth Amendment cause of action to be barred by Heck v. Humphrey and her Fifth and Fourteenth Amendment claims to be unfounded as a matter of law.

**III.**

A claim of excessive force during the arrest process must be analyzed under the Fourth Amendment and its objective reasonableness standard.  Brosseau v. Haugen, 543 U.S. 194, 197 (2004); Graham v. Connor, 490 U.S. 386, 395 (1989); Vinyard v. Wilson, 311 F.3d 1340, 1347-49 (11th Cir. 2002).  Accordingly, plaintiff's assertion of a claim based upon the Fifth or the Fourteenth Amendments is incorrect as a matter of law.  Judgment will therefore be entered in favor of all defendants on plaintiff's claims under the Fifth Amendment and the Fourteenth Amendment to the United States Constitution.

**IV.**

Defendants argue that the principles of Heck v. Humphrey bar the Fourth Amendment excessive force claim.  In Heck v. Humphrey the United States Supreme Court "held that where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence."  Muhammad v. Close, 540 U.S. 749, 751 (2004).  Thus, a damage suit may be barred if plaintiff must negate an element of the offense of which she was convicted in order to prevail.  Heck, 512 U.S. 487 n.6.

As a preliminary matter, it is clear that the Heck v. Humphrey principles apply even though Dyer's initial plea was nolo contendere with adjudication withheld.  Behm v. Campbell, 925 So.

2d 1070, 1073-75 (5th DCA 2006). See also Ojegba v. Murphy, 2006 WL 1117867 (11th Cir. 2006)(Alford[4] plea barred § 1983 excessive force claim under Heck v. Humphrey principles). In any event, Dyer violated the probation imposed, and was ultimately adjudicated guilty of resisting arrest with violence. Additionally, there is no claim that this conviction, which admittedly relates to the incidents which form the basis for the excessive force claim, has been reversed, expunged or invalidated.

Thus the issue is whether a judgment in favor of Dyer in her § 1983 excessive force action would necessarily imply the invalidity of her conviction for resisting arrest with violence. Heck v. Humphrey, 512 U.S. at 486-487. If the answer is yes, the excessive force claim is barred under Heck v. Humphrey; if the answer is no, the claim may proceed.

Fourth Amendment claims can be problematic, since Heck v. Humphrey bars some but not all such claims. Hughes v. Lott, 350 F.3d 1157, 1160-61 (11th Cir. 2003). Heck v. Humphrey gave an example of a Fourth Amendment claim which would be barred absent a prior successful termination of the underlying conviction:

> A state defendant is convicted of and sentenced for the crime of resisting arrest, defined as intentionally preventing a peace officer from effecting a lawful arrest. (citations omitted) He then brings a § 1983 action against the arresting officer, seeking damages for violation of his Fourth Amendment right to be free from unreasonable seizures. In order to prevail in this §

---

[4] An Alford plea is a guilty plea accompanied by an assertion of innocence. See North Carolina v. Alford, 400 U.S. 25 (1970).

-8-

>      1983 action, he would have to negate an element of the
>      offense of which he has been convicted.  Regardless of
>      the state law of res judicata . . . the § 1983 will not
>      lie.

Heck v. Humphrey, 512 U.S. at 487, n.6.  Even in this type of case, however, the results can vary.  Cf. Wells v. Cramer, 158 Fed. Appx. 203 (11th Cir. 2005)("A plaintiff may prevail on a claim for excessive force without necessarily implying the invalidity of the underlying conviction for the offense giving rise to the excessive force. . . . To the extent that Wells's complaint alleged an excessive use of force after he was arrested, restrained and posed no threat to the defendant officers, his section 1983 action, if successful, would not necessarily imply the invalidity of his underlying convictions and is not Heck-barred."); Ojegba v. Murphy, 2006 WL 1117867 (11th Cir. 2006)(excessive use of force claim for use of pepper spray, beating and choking while effectuating arrest was barred by plaintiff's Alford plea); Behm v. Campbell, 925 So. 2d 1070 (Fla. 5th DCA 2006)(no contest plea to resisting arrest without violence barred suit for battery, false arrest/imprisonment and trespass).  "Thus, the court must look both to the claims raised under § 1983 and to the specific offenses for which the § 1983 claimant was convicted."  Hughes, 350 F.3d at 1160 n.2.

 A comparison of the facts and claims raised in plaintiff's § 1983 excessive force claim with the offense of conviction brings this case well within the Heck v. Humphrey bar.  The alleged excessive force took place during the arrest process, and at a

point when plaintiff had slipped her handcuffs and was being re-cuffed. Plaintiff was plainly being uncooperative, by any reasonable definition, and was posing a threat to both the officers and herself.

Dyer argues, however, that her conviction for resisting arrest with violence in violation of FLA. STAT. § 843.01 does not implicate the lawfulness of the arrest because the "State was not required to prove the legality of the arrest." (Doc. #50, p. 11.) Dyer argues that a conviction can result even if the arrest was unlawful, since Florida law does not allow the use of force to resist even an unlawful arrest. (Id.) Plaintiff is correct that the lawfulness of the arrest for the underlying offense(s) (here DUI and battery) is not an element of the Florida criminal offense of resisting arrest with violence. State v. Espinosa, 686 So. 2d 1345, 1347 (Fla. 1996). Plaintiff is incorrect, however, in her argument that her excessive force claim would not necessarily question the validity of the resisting arrest with force conviction, her only offense of conviction.

Florida law is well established that "while a defendant cannot use force to resist an arrest, he may resist the use of excessive force in making the arrest." State v. Holley, 480 So. 2d 94, 96 (Fla. 1985). Numerous Florida cases have held that a criminal defendant is entitled to a jury instruction concerning a self-defense affirmative defense stating that it is lawful to resist excessive force being used in the arrest process. E.g., Parker v.

State, 908 So. 2d 1099 (Fla. 1st DCA 2005); Langston v. State, 789 So. 2d 1024 (Fla. 1st DCA 2001); Williams v. State, 597 So. 2d 377 (Fla. 2d DCA 1992).  Thus, the facts supporting plaintiff's excessive force claim could have formed the basis for a defense to the resisting arrest with violence offense.  Allowing plaintiff to proceed with her excessive force claim under the circumstances of this case would necessarily question the validity of the resisting arrest with violence conviction, and the claim is therefore barred by the principles articulated in Heck v. Humphrey.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.  Defendants Shannon Lee, John J. Truitt, Thomas F. Humann, III, and Ryan E. Tutt's Motion for Summary Judgment (Doc. #43-1) is **GRANTED** for the reasons set forth above.

2.  Plaintiff's request for oral argument and attorney fees, contained in her Answer (Doc. #50), is **DENIED.**

3.  The Clerk shall enter judgment in favor of defendants and against plaintiff accordingly.  The Clerk is further directed to terminate all deadlines and pending motions as moot, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __26th__ day of July, 2006.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record